# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17CR78 HEA–2 |
| | ) |
| DENNIS A. PASHIA, JR., | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This case is before the Court on defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i), [Doc. No. 111]. Counsel entered his appearance on behalf of Defendant and filed a Notice of Intent not to file Supplemental Motion. The United States did not reply to Defendant's Motion. For the reasons set forth below, the Motion is denied.

## Background

The Grand Jury returned a one-count indictment, charging Defendant with Conspiracy to Distribute a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(l) and 846. Defendant pleaded guilty to Conspiracy to Distribute in Excess of 50 Grams of Methamphetamine. This Court

sentenced Defendant to 105 months imprisonment followed by a 3-year term of supervised release.

## Defendant's Motion

On August 24, 2020, Defendant filed his motion for compassionate release due to the presence of a COVID-19 outbreak at USP Marion Satellite Camp, where he is housed. Defendant reported that all but 19 of the prisoners in the Camp had tested positive for COVID-19, and that one person there had died. Defendant stated that the 19 prisoners who tested negative for COVID-19 were being isolated from the infected population, but that the prison administration planned on reintegrating the 19 with the general population in the near future.

Defendant argued in support of his motion that he had served 34 months of his sentence and has spent his time incarcerated bettering himself by taking every drug education course offered and participating in AA and NA groups. He added that he has maintained continuous employment during his incarceration and restored his religious faith. Defendant also stated that the suspension of family visits due to the pandemic has made his incarceration more difficult.

## Discussion

Under Section 603(b) of the First Step Act, effective December 21, 2019, an inmate may now himself (or through his advocate) file a motion for compassionate

2

release pursuant to 18 U.S.C. § 3582(c). Previously, a court could only act to reduce a defendant's sentence for "extraordinary and compelling reasons" if the Director of BOP filed such a motion. As the proponent of the motion, Defendant bears the burden of proving both that he has satisfied the procedural prerequisites for judicial review and "extraordinary and compelling reasons" exist to support the motion. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

Defendant offers no evidence that he has exhausted his administrative remedies with the Bureau of Prisons as required under the First Step Act, which requires him to petition the Bureau of Prisons for release before he can petition the court directly. 18 U.S.C. § 3582(c)(1)(A)(i). Defendant bears the burden of showing that he exhausted his administrative remedies with the Bureau of Prisons before filing a compassionate-release motion. *United States v. Kinley*, No. 1:16-CR-10018-003, 2020 WL 2744115, at *2 (W.D. Ark. Apr. 17, 2020). Here, defendant makes no such showing.

In evaluating a defendant's request for reduction in sentence on its merits, 18 U.S.C. § 3582(c)(1)(A)(i) requires a court to find that "after considering the factors set forth in section 3553(a) to the extent they are applicable," that "extraordinary

3

and compelling reasons warrant such a reduction." Any reduction must be consistent with applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). United States Sentencing Guideline § 1B1.13, which governs compassionate-release reductions, provides some specific examples, including:

> (A) Medical Condition of the Defendant.—
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is—
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old;
>
>> (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment,

>  whichever is less.

> (C) Family Circumstances.—
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

In support of his request, Defendant cites the pervasive presence of the COVID-19 virus in the camp in which he is housed; he also cites his good behavior while in the BOP.

The Court does not find that Defendant has met his burden of proving that extraordinary and compelling circumstances exist warranting a reduced sentence. There is no evidence that Defendant is unable to care for himself, suffering from any serious illness or condition, or subject to any other extraordinary and compelling conditions. As of February 4, 2021, one inmate and six staff members are infected with COVID-19 in the whole of the USP Marion facility. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (click hyperlink reading "Full breakdown and additional details…" then find the

Marion USP row in the data table) (last visited January 12, 2020). While 2 inmates at the USP Marion facility have sadly perished from COVID-19, 790 inmates and 52 staff members there have recovered from the illness. *Id.* These facts further reinforce the notion that Defendant is not at any great risk from the virus while housed at USP Marion Satellite Camp.

Defendant's good behavior is commendable. However, rehabilitative efforts do not constitute extraordinary and compelling circumstances warranting defendant's release. *See* U.S.S.G. § 1B1.13, application note 3 ("Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.).

For the foregoing reasons, this Court finds that Defendant did not exhaust his administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A)(i). Moreover, even if the Court could excuse Defendant's failure to exhaust his procedural remedies, Defendant has not met his burden of proving that "extraordinary and compelling reasons" exist to support the requested sentence release.

Accordingly, the motion for compassionate release [Doc. Nos. 111] is **denied**.

Dated this 5th <sup>th</sup> day of February, 2021.

6

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE